**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

LEONARD MICHAEL SAVAGE, #132-625  :

     Plaintiff                     :

     v.                        :  CIVIL ACTION NO. JKB-16-1219

JEFFREY R. GAHLER, Sheriff       :

     Defendant              :

<u>**MEMORANDUM**</u>

Leonard Michael Savage, presently detained at the Harford County Detention Center ("HCDC"), filed a civil rights action pursuant to 42 U.S.C. § 1983, seeking injunctive relief providing him greater access to a proper legal library.[1]  Additional allegations as to difficulties with legal mail and access to the courts also are generally described in the pleading.  (ECF No. 1).  In response to court order (ECF No. 2), Savage amended his complaint, presenting additional allegations that (1) his April 18, 2016 request for notary services was ignored.  (ECF No. 3 at p. 4).  He further alleged that (2) his request for certified mail services was denied on April 20, 2016; (3) his request for a docket sheet in his pending criminal case, mailed to the Harford County Circuit Court, received no response; (4) the law library has no copies of the federal code, and the existing inventory of materials is dated; and (5) all legal mail is copied and provided to the State's Attorney.  (ECF No. 3 at 4-8).  Savage averred that the Assistant Public Defender assigned to his defense is "too busy to appropriately prepare any legal litigation on my behalf" and that any pretrial motions filed in his case were prepared "pro se."  (ECF No. 3-2 at p. 2).  Savage also provided an affidavit from fellow detainee Donald Gary Rembold, who supports

---

[1] Savage indicated he has counsel in his upcoming criminal case.  (ECF No. 1 at p. 4).

Savage's allegation that outgoing legal mail is copied and sent to the State's Attorney.[2]  (ECF No. 3-2 at p. 3).

Citing *Bounds v. Smith*, 430 U.S. 817, 821 (1977), and *Lewis v. Casey*, 518 U.S. 343, 355 (1996), the undersigned dismissed Savage's claims concerning a one-time denial of notary services or posting by certified mail, his inability to obtain a docket sheet, and his inability to obtain the federal code volumes concerning the civil rights statutes.  (ECF No. 5).  Defendant Gahler, the Sheriff of Harford County, was ordered to respond to the sole allegation that the content of legal mail sent out of the facility is routinely copied and provided to the Harford County State's Attorney.  (*Id.*)  A notice of appearance and motion for extension of time to respond was promptly filed on Gahler's behalf.  (ECF Nos. 10 and 11).

Undeterred by the court's previous ruling, Savage sought to again amend his complaint to add the County Executive, Barry Glassman, as a defendant, and to include numerous conditions of confinement claims, most of which do not affect him personally.  (ECF No. 12).  Additionally, he moved for class certification on behalf of all HCDC detainees (ECF No. 16) and appointment of counsel on their behalf.  (ECF No. 15).  Gahler moves to dismiss the amended complaint, on grounds that Savage failed to exhaust administrative remedies with regard to the conditions of confinement claims (ECF No. 18), an argument opposed by Savage in his Motion to Exclude/Strike.[3]  (ECF No. 23).

Ordinarily, Federal Rule of Civil Procedure 15(a)(1) permits a party to amend his pleading once as a matter of course within 21 days of service.  Here, service was accepted on

---

[2] Rembold's affidavit contains attachments, showing that mail from a family member (possibly containing legal research) was returned. (ECF No. 3-2 at pp. 4-7).

[3] Savage claims he did not receive a handbook and thus did not know about administrative exhaustion.  He is now apprised of this requirement, and must take care to fully exhaust should he choose to file a conditions of confinement claim in the future.

behalf of Gahler on May 23, 2016 (ECF No. 10), ten days after the Clerk provided the County Attorney with the complaint and amended complaint.  By this time, however, the undersigned had delineated that the lawsuit was confined to the allegation that Savage's outgoing legal mail is copied and sent to the State's Attorney.

Generally, a party does not have standing to assert the rights of others.  *See Inmates v. Owens*, 561 F.2d 560, 562 (4th Cir. 1977); *Oxendine v. Williams,* 509 F.2d 1405, 1407 (4th Cir. 1975); *Fowler v. Lee,* 18 F. App'x 164, 2001 WL 103312 (4th Cir. 2001) (pro se litigant cannot represent a class).  While a class action may be maintained under 42 U.S.C. § 1983, a party must first make a request for class certification under Rule 23.  Because the rights of many persons may be affected in a class action, they are not certified as a class unless counsel has been retained or appointed to represent the class. *See Oxendine,* 509 F.3d at 1406.

Here, it appears that Savage's second amended complaint was filed in an effort to expand the scope of his claims against personnel of Harford County Detention Center to include general conditions of confinement allegedly endured by all who are confined therein.   None of the prerequisites for certification set out in Rule 23(a) has been demonstrated.[4]  While Savage is free to file a new complaint alleging the impact poor conditions of confinement have on him, he may not do so on behalf of other detainees.  His second motion to amend the complaint (ECF No. 12), and his motion for appointment of counsel (ECF No. 15), request for class action certification (ECF No. 16), and motion for exclude/strike (ECF No. 23) are denied.

Savage also seeks emergency injunctive relief to enjoin enforcement of new policies affecting his ability to obtain mail from friends and family.  ECF No. 29.   A detainee's ability to obtain mail from family and friends may be actionable; however, this issue lies outside the scope

---

[4] Indeed, with the exception of actions filed by Savage, few lawsuits have been filed in this court by detainees against Gahler or the Harford County Detention Center in recent years, as evidenced by a search of the court electronic filing system.

of this action, which focuses solely on policies affecting legal mail.  While Savage may file a new action regarding this issue (after exhausting any applicable administrative remedies within HCDC), his attempt to again expand the scope of this lawsuit compels the denial of the injunctive relief request.

Gahler has filed a dispositive motion with regard to the sole issue in this case (ECF No. 17), which Savage opposes.  ECF Nos. 25 and 26.  The matter is under consideration, and the parties shall provide no further submissions without leave of court.

A separate order shall be filed forthwith.


Date: September 13, 2016                              _____/s/_____
                                                     James K. Bredar
                                                     United States District Judge